UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES CHRISTOPHER FONCK III, | : : : | |
| Plaintiff, | : : | No. 3:19-cv-1665 (KAD) |
| v. | : : | |
| CARLOS ALLEN, et al., | : : | |
| Defendants. | : | |

# INITIAL REVIEW ORDER

**Preliminary Statement**

*Pro se* plaintiff, Charles Christopher Fonck III ("Fonck"), a former inmate of the Department of Correction, brings this civil rights complaint under 42 U.S.C. § 1983 against six defendants, Lieutenant Carlos Allen, Officer Smith, Officer Escobar, Nurse John Doe, Dr. Riccardo Ruiz, and Dr. James Elderkin. He alleges that the defendants, all DOC employees, used excessive force against him and/or provided inadequate treatment for his resulting injuries. Fonck seeks damages from the defendants in their individual capacities. The complaint was received on October 22, 2019, and Fonck's motion to proceed *in forma pauperis* was granted on October 24, 2019.

**Standard of Review**

Under section 1915(e)(2)(B) of title 28 of the United States Code, the Court must dismiss a case if the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the

allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

On October 23, 2016, Fonck was incarcerated at Bridgeport Correctional Center. During morning "chow call" he requested a roll of toilet paper. Defendant Smith denied the request. While Fonck was waiting outside his cell to "lock in," defendants Allen, Escobar, and Smith approached and began to harass Fonck. At about 5:30 a.m., the officers deployed pepper spray and physically assaulted Fonck. The incident was not recorded on a hand-held camera as required when a planned use of force is conducted. Nor were medical personnel present. Doc. No. 1 at 4.

As a result of the incident, Fonck sustained broken ribs and multiple contusions and lacerations. After minimal medical attention, he was confined in four-point restraints. Prior to being restrained, an unknown officer squeezed Fonck's testicles. *Id.* While wrist restraints were being applied, defendant Allen "dropped his knee" to the back of Fonck's neck. Fonck alleges that this action caused severe cervical complications which were not treated despite numerous

2

requests for medical attention. *Id.* at 6. After four-point restraints were applied, Nurse Doe, without Fonck's consent, administered medication to "shut up" Fonck. *Id.*

Reports of the incident falsely stated that Fonck was aggressive and hostile and had assumed a fighting stance. Fonck alleges that video surveillance footage shows otherwise. *Id.*

**Discussion**

    **Use of Excessive Force**

Fonck asserts that defendants Allen, Escobar, and Smith violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force against him and by confining him in four-point restraints. The use of excessive force against a prisoner[1] can constitute cruel and unusual punishment in violation of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 4 (1992); *accord Wilkins v. Gaddy*, 559 U.S. 34, 34, 36 (2010) (per curiam). The "core judicial inquiry" is not "whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

To state such a claim, Fonck must allege that, subjectively, the defendants acted maliciously or sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Hudson*, 503 U.S. at 7. In evaluating the defendants' conduct, the court considers multiple factors including: the extent of the injuries; the mental state of the inmate; "the need for

---

[1] Fonck was a sentenced inmate at the time of the incident, having been sentenced on September 26, 2016. *See* Case No. S01S-CR16-0189686-S, available on the State of Connecticut Judicial Branch website.

3

application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts by the defendants to temper the severity of a forceful response." *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (quoting *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (internal quotation marks omitted).

In addition, Fonck must allege, objectively, that the defendants' actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotation marks omitted) (citing *Hudson*, 503 U.S. at 8). A *de minimis* use of force will rarely be sufficient to satisfy the objective element unless that force is also "repugnant to the conscience of mankind." *Wilkins*, 559 U.S. at 38 (quoting *Hudson*, 503 U.S. at 9-10 (internal quotation marks omitted)). However, it is the force used, not the injury sustained, that "ultimately counts." *Id.* A malicious use of force constitutes a per se Eighth Amendment violation because "contemporary standards of decency are always violated." *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 at 9).

Fonck alleges that he was just standing before his cell when defendants Allen, Escobar and Smith deployed pepper spray and assaulted him. Fonck suffered broken ribs, lacerations, and contusions. Fonck further alleges that reports were falsified to make the use of force appear necessary. Fonck has sufficiently alleged that the force was not necessary and was used maliciously. The excessive force claim will proceed against defendants Allen, Escobar, and Smith.

Fonck also alleges that he was confined in four-point restraints. The use of restraints may be considered the use of excessive force depending on the reason the restraints are applied. *See, e.g., Wells v. Stafford*, No. 3:13-cv-1349(RNC), 2015 WL 1471597, at *3 (D. Conn. Mar. 31,

4

2015) (crediting inmate's affidavit that he was not disruptive, use of in-cell restraints could be found to be use of excessive force). If is not clear whether Fonck was compliant with or resistant to the use of four-point restraints. For purposes of this order only, the court will assume that the application of the restraints was an unwarranted use of force and will permit this claim to proceed against defendants Allen, Escobar, and Smith.

**Deliberate Indifference to Health and Safety**

Fonck next alleges that the defendants were deliberately indifferent to his health and safety; the correctional defendants by using force without first checking his medical file, and the medical personnel by not providing adequate medical care.

To state a claim for deliberate indifference to health or safety, Fonck must show that the alleged conduct was sufficiently serious, and that the defendant acted with a sufficiently culpable state of mind. *See Orr v. Marquis*, No. 3:18-CV-1908(MPS), 2019 WL 161504, at *3 (D. Conn. Jan. 10, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The defendant must have been aware of, and deliberately disregarded, an excessive risk to Fonck's health or safety. *Id.* (citations omitted); *Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 357 (S.D.N.Y. 2010) (explaining that defendants must be aware of facts supporting an inference that harm would occur and must actually draw that inference). When evaluating a claim for deliberate indifference to safety, the court considers "the facts and circumstances of which the official was aware at the time he acted or failed to act." *Hartry v. County of Suffolk*, 755 F. Supp. 2d 422, 436 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).

Fonck alleges that defendants Allen, Escobar, and Smith were deliberately indifferent to his health and safety by failing to check his medical records before deploying the pepper spray.

5

He contends that this procedure is required under Department of Correction procedures. He also alleges the Department of Correction procedures require that medical staff and a video camera operator be summoned before a planned use of force. Fonck's claim, in essence, is that defendants Allen, Escobar, and Smith did not follow departmental procedures.

The failure to follow prison directives or procedures is not a constitutional violation. *See Osuch v. St. John*, No. 3:18cv846(JCH), 2018 WL 5778243, at \*4 (D. Conn. Nov. 2, 2018) (failure to follow prison directives does not give rise to a section 1983 claim); *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 482 (N.D.N.Y. 2009) ("A violation of a state law or regulation, in and of itself, does not give rise to liability under 42 U.S.C. § 1983.") (collecting cases). Fonck does not allege that there was any contraindication to the use of pepper spray in his medical records. Thus, his claim, that defendants Allen, Escobar, and Smith did not follow department procedures by consulting his medical records and summoning medical staff and a camera operator, is not cognizable in this action and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Fonck also alleges that defendants Allen, Escobar, and Smith were deliberately indifferent to his health by not providing medical treatment. As custodial staff, defendants Allen, Escobar, and Smith have no ability to afford medical treatment themselves. *See Cerilli v. Cay*, No. 3:14cv1551(AWT), 2015 WL 4603460, at \*2 (D. Conn. July 29, 2015) (noting that custodial staff have no ability to provide medical treatment, especially where inmate is confined at different correctional facility). They can refer Fonck to the medical unit for treatment and appear to have done so.

Fonck alleges that he was afforded some medical treatment after the use of force but

6

describes it as minimal. Custodial officers, however, are entitled to rely on the expertise of medical staff. *See Ziemba v. Armstrong*, 343 F. Supp. 2d 173, 184 (D. Conn. 2004) (dismissing deliberate indifference to medical needs claim against custodial officer because officer was entitled to rely on expertise of medical staff), *reversed in part on other grounds*, 430 F.3d 623 (2d Cir. 2005). Any claim regarding the adequacy of treatment should be asserted against the medical staff member who provided that treatment. The claim for deliberate indifference to health against defendants Allen, Escobar, and Smith is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### Deliberate Indifferent to Serious Medical Needs

Deliberate indifference to serious medical needs occurs when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Harrison v. Barkley*, 219 F.3d 132, 137–38 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). To state a claim for deliberate indifference to serious medical needs, Fonck must allege facts showing both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)).

Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). Subjectively, the defendants must have been actually aware of a substantial risk

that Fonck would suffer serious harm as a result of their conduct.  *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006).

Fonck suffered fractured ribs, lacerations and contusions.  He also references severe cervical complications.  Broken ribs, in conjunction with other injuries, have been considered a serious medical need.  *See Moss v. Nesmith*, No. 9:05-CV-1585, 2008 WL 413297, at *5 (N.D.N.Y. Feb. 13, 2008) ("taken together and construing the facts in the light most favorable to [plaintiff], the broken ribs and injured knee may be sufficiently serious to constitute a serious medical need").  For purposes of this order, the court will assume the Fonck had a serious medical need.

Fonck names two doctors as defendants, Dr. Elderkin and Dr. Ruiz. He alleges that Dr. Elderkin was responsible for inmate health care but does not identify any correctional facility where Dr. Elderkin may have worked or any involvement Dr. Elderkin had or may have had in his care. He alleges that Dr. Ruiz was responsible for inmate health care at Cheshire Correctional Institution but Fonck alleges only that his mistreatment occurred at Bridgeport Correctional Center when he was confined there.

Fonck further alleges that his injuries were undiagnosed and untreated for two years despite repeated requests for medical care.  He does not however allege that he informed either named doctor of his injuries. Nor does he allege facts suggesting that they were otherwise aware that he had a serious medical need. Absent such knowledge, neither doctor was actually aware of a substantial risk that Fonck would suffer serious harm as a result of his conduct.  Thus, Fonck had not stated a plausible claim for deliberate indifference to medical needs against Dr. Elderkin or Dr. Ruiz.  The claims against the doctors are dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) without prejudice.

**Substantive Due Process**

Finally, Fonck alleges that Nurse Doe administered medication after he was four-pointed to make Fonck "shut up." He did not consent to be medicated. Although Fonck characterized his claim against Nurse Doe as deliberate indifference to medical needs, it is properly a substantive due process claim. Inmates have a right, under the Due Process Clause of the Fourteenth Amendment, to be free from involuntary medication with antipsychotic drugs. *Washington v. Harper,* 494 U.S. 210, 221–22 (1990). That right, however, is not absolute. "[T]he Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* at 227.

Fonck does not indicate whether he was given an antipsychotic drug. He states that the medication was administered only once. Courts applying *Harper* in the context of a single administration of antipsychotic medication generally rely on the opinion of the doctor administering the medication when the medication is used in response to an emergency situation. *See Riddick v. Chevalier*, No. 3:11CV1555(SRU), 2013 WL 4823153, at *3 (D. Conn. Sept. 9, 2013) (citing cases). However, Fonck does not allege facts that would enable the court to determine whether the situation could be deemed an emergency and the medication was administered by a nurse with no evidence of involvement by a doctor. The court will permit the claim to proceed for further development of the record based on Fonck's allegation that he was forcibly medicated by Nurse Doe.

9

Fonck also generally asserts a claim against defendants Allen, Escobar and Smith for forcible medication. He does not allege that any of these defendants ordered the medication or were involved in its administration. Thus, the conclusory statement is insufficient to state a plausible due process claim against defendants Allen, Escobar, and Smith.

**Orders**

For all the foregoing reasons, the claims for deliberate indifference to health and safety against defendants Allen, Escobar, and Smith are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The claims for deliberate indifference to serious medical needs against Dr. Elderkin and Dr. Ruiz are **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). The case will proceed on the claims for use of excessive force against defendants Allen, Escobar, and Smith, and the substantive due process claim against defendant Doe.

If the Plaintiff believes he can allege sufficient facts to support a deliberate indifference to medical needs claim against Dr. Ruiz and Dr. Elderkin, thereby curing the deficiencies identified above, he may file an amended complaint on or before November 30, 2019. If no amended complaint is filed, the Clerk of the Court is directed to terminate Defendants Elderkin and Ruiz and to send a service packet to the Plaintiff.

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of October 2019.

/s/
Kari A. Dooley
United States District Judge